UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80018-CR-MARRA/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS C. CORREA,

    Defendant.
_____/

## MOTION FOR BAIL PENDING APPEAL

COMES NOW the Defendant/Appellant, THOMAS C. CORREA, by and through his undersigned counsel, and respectfully moves this Honorable Court to set bail pending appeal, pursuant to the applicable provision of 18 U.S.C §3142, 3143, and 3145 (c) and would show for cause as follows:

1.    That this Defendant was convicted on two felony counts of I: Conspiracy to Commit Bank Fraud and II: False Statement on Loan Application, on September 15, 2011, by a jury. His sentencing occurred on March 13, 2012;

2.    That the Defendant had been on pretrial release since the date of his arrest, on or about January 12, 2011, and has never violated any provision of that release;



3. That the Defendant filed a timely Motion for New Trial (Exhibit I) which set forth significant grounds that raise a substantial question of law and/or fact, and, if determined favorably to Defendant on appeal, that decision is likely to result in reversal, and an Order for a new trial on both counts. See <u>United States v. Miller</u>, 753 F.2d 19, 24 (3d Cir. 1985); <u>United States v. Giancola</u>, 754 F.2d 898 (11th Cir. 1985), <u>cert denied</u>, 479 US 1018 (1986) (adopting <u>Miller</u>). In <u>Miller</u>, the Court observed:

> The statutory language requiring a finding that the appeal "raises the substantial question of law or fact likely to result in reversal or an order for a new trial" cannot be read as meaning, as the district court apparently believed, that the district court must conclude that its own order is likely to be reversed. In the first place, such a reading would render language in the statute surplusage because every question that is likely to be reversed must by definition be "substantial." In the second place, we are unwilling to attribute to Congress the cynicism that would underlie the provision were it to be read as requiring the district court to determine the likelihood of its own error. A district judge who, on reflection, concludes that s/he erred may rectify that error when ruling on post-trial motions. Judges do not knowingly leave substantial errors uncorrected, or deliberately misconstrue applicable precedent. Thus, it would have been capricious of Congress to have conditioned bail only on the willingness of a trial judge to certify his or her own error.
>
> For a similar reason, the phrase "*likely* to result in reversal or an order for a trial" cannot reasonably be construed to require the district court to predict the probability of reversal. The federal courts are not to be put in the position of "bookmakers" who trade on the probability of ultimate outcome. Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal.

4. Moreover, subsequent to the conviction, but before sentencing, significant issues came to light that make his appeal even <u>more</u> significant in that serious issues of potential jury misconduct were raised by the Defendant on his Motion for Leave to File Supplemental Motion for a New Trial Out of Time Based on Exceptional Circumstances (Exhibit II);

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

2

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040



5. That the Court's determination, subsequent to that motion <u>not</u> to conduct an evidentiary hearing on the alleged premature jury deliberations and misconduct of jurors, was objected to, and a Motion for Reconsideration of that <u>ore tenus</u> decision was filed (Exhibit III); the Defendant also filed a Post-hearing Memorandum in Support of his New Trial Motion (Exhibit IV) and a Reply to the Government's Response thereto (Exhibit V). The Court <u>denied</u> those motions by Order entered on March 6, 2012. (Exhibit VI);

6. That sentencing was held on March 13, 2012, and during that sentencing, the Defendant's objection to the level enhancement for obstruction of justice was overruled and denied by the court;

7. That the Defendant further filed a Motion for Variance setting forth significant and specific reasons why a sentence within the final guideline cell (24-30 months) was objectively unreasonable. The Court, nevertheless, overruled the Defendant's objections, and sentenced the Defendant at the low end of that guideline, or 24 months. The Defendant's objection to that sentence, and the objective unreasonableness of it in light of all the circumstances in this cause, including the allegations made in his various motions, will be an additional appellate point. (See Motion for Variance from Advisory Guidelines, Exhibit VII). The Defendant respectfully adopts all arguments, letters, and testimonies from sentencing and documents presented thereat for additional bases for this motion.

The Defendant has serious and compelling family issues that were fully addressed at sentencing. The heart issues with both of his aging (80 and 81 years of age) parents are of extreme concern, as are the issues with respect to his two sons. His need to be with his son Matthew is most compelling as the Defendant is the only person familiar with his condition and who can adequately deal with it. He has also been a single parent for 16 years, as the Court heard at sentencing, which makes him not only the sole responsible adult for his <u>sons</u>, but, by <u>default</u>, the sole caretaker for his elderly parents, whose age and physical disabilities are manifest;

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

3

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040



8. The Defendant <u>qualifies</u> for bail pending appeal and within the auspices and provisions of 18 U.S.C §3143(b)(A), (B). Notice of Appeal was timely filed in this case on Monday, March 26, 2012 (see Exhibit VIII);

It is obvious, and clear and convincing, that the Defendant's lack of flight risk, ties to his community, recommendations as to his character and his traits thereof, his lack of prior criminal record, his performance while on pretrial release, and subsequently, on release after trial and pending sentencing, as well as after sentencing for surrender, uniquely qualify him for consideration for bail pending appeal by this Court, and together with the relatively short sentence of imprisonment (24 months) obviate any fear of flight, as the Court noted at sentencing, when the Court permitted voluntary, unescorted surrender over the Government's objection; the Defendant's current adherence to that confidence emboldens that approval and the bail request made herein.

The Defendant's sentence herein, 24 months, <u>is</u> a relatively short sentence, and, arithmetically, if, in fact, the Defendant is incarcerated with the meritorious and non-frivolous points on appeal previously set forth herein above, it is likely that he will serve nearly <u>all</u> of his incarceration sentence, prior to the time that the United States Court of Appeals reaches any kind of a conclusion in this case. That is true in this case because the Defendant, on a 85% sentencing calculus, would have his actual time reduced to approximately 21 months; if the Defendant is permitted maximum halfway house, his actual incarcerative sentence may then be reduced up to an <u>additional</u> six month, to 15 months; thus, if the appeal on this case takes, as most appeals do in the Eleventh Circuit, a period of a year to 18 months, his <u>entire incarcerative sentence</u> would be served <u>before</u> his release, if the case were reversed and remanded, thus making any appeal nugatory and worthless.

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

4

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040

The Defendant meets each applicable factor to be considered pursuant to 18 U.S.C §3142 (g) on his history and characteristics; he was and has not been either on probation parole except release pending trial, and the nature and seriousness of the danger to any person in the community that would be posed by his release is, and has been found to be, inconsequential, if not completely unfounded;

There are <u>no</u> issues relating to any forfeiture, no illegal source of property to be designated for collateralization for his release, and no restitution figure that would impact upon his assets and make release difficult, if not impossible to collateralize;

The offenses charged, are not crimes of violence, nor do they involve narcotic drugs;

There is no evidence, nor has the Defendant taken any action in the past, that would obstruct justice or threaten the obstruction of justice, nor did he threaten to intimidate witnesses or jurors. In fact, quite the contrary – the Defendant's motion <u>redacted</u> the name of the potential juror who approached his friend in giving her the information about the offending jurors' misconduct that was one of the precipitating factors of the Defendant's post-trial motions. It was redacted <u>precisely</u> so that this juror would <u>not</u> be identified, harassed, intimidated or otherwise questioned by news media or anyone else prior to the time that the Court made its determination as to the substance of the information which she provided to LaCheryl Taylor, and that was made part of the record in this cause.

The Court itself made a determination as to the Defendant's likelihood of flight or reoffending while permitting him, over Government objection, to remain out of custody prior to his surrender. The sentence is not so onerous as to cause him to flee, or consider fleeing (24 months), and he has maintained himself honorably during the time that he has been on release since the date of his arrest, "clearly and convincingly," as the statute mandates, this Defendant is not likely to flee or pose a danger to the safety of any other person or community if released under §3142(b) or (c) and under the provisions of

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

5

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040


§3143(b) "Release or Detention Pending Appeal by the Defendant." Significantly, while Defendant was on bond, pretrial, and until this date, has <u>never</u> missed his weekly telephone calls to probation/pretrial services, and never missed a monthly report.

Since the guilty verdict in this cause, his release conditions were judicially increased to one <u>personal</u> weekly appearance at Pretrial, in addition to his weekly telephone call. He has been perfect in the adherence to that increased supervision. He continues to abide by that condition, even after sentencing on March 13, 2012;

He has been permitted to travel to Puerto Rico prior to the September verdict. All travel itineraries were duly reported to Pretrial Services prior to his departure;

His significant appellate issues are more fully set forth in the attached Exhibits. This appeal is obviously <u>not</u> for the purpose of delay, and as the Court has readily observed, and can observe, raises <u>substantial</u> questions of law and fact, especially as they relate to the aforedescribed jury misconduct and the invasion of the Jury Room by evidence that was ruled specifically inadmissible, as well as <u>other</u> grounds for appeal, several of which are set forth below:

(a) the Defendant's objection to admission of a tape by Agent Yastrzemski when he was neither a party, nor witness to that conversation overruled by the Court;

(b) the denial of the Defendant's Motion for Mistrial based upon the testimony of Special Agent Waldo Longa, that the Defendant "refused to cooperate" when confronted with evidence of his alleged criminal wrongdoing, as the same was a comment on the Defendant's right to remain silent and right to the presence of counsel prior to and during questioning (cases cited in motion);

(c) that the Court erred in denying the Defendant's Rule 29 Motion for Judgment of Acquittal concerning the failure of the Government to prove that the

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

6

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040


    Defendant "conspired" with any person <u>other than</u> government agents in this charge;

(d)  that the Court erred in denying the Rule 29 Motion made by the Defendant on the basis that he could not "aid and abet" any Government informant or any undercover agent to commit a crime that would be legally impossible for the Government agent or informant to commit himself;

(e)  that the Court erred in denying the Defendant's request to <u>emphasize</u>, in a special instruction, the words "other than" the special agent or the cooperating individual as being co-conspirators in this cause. This is especially important because the only <u>other</u> person whom the evidence showed <u>may</u> have been criminally involved in this transaction with the Defendant, William Hebert, was equivocal in this "conspiracy" evidence with this Defendant, nor did the Court instruct the Jury that Hebert <u>was</u> a "co-conspirator," nor was any argument to the Jury made, nor evidence adduced, that Hebert <u>was</u> a co-conspirator and/or that he actually entered a plea in a separate Information relating to this offense. In this fashion, the jury was left with cooperating individual Santa and Special Agent Yastrzemski as the sole participants with the Defendant; clearly people who could <u>not</u> be co-conspirators, in law or in fact, with this Defendant.

  The grounds set forth herein for appeal from the post-trial pleadings, as well as from the post trial arguments and motions made by the Defendant are substantial in nature and where such grounds and applicable law create this potential for reversal, especially where the Defendant has a <u>short</u> sentence imposed, to deny bail pending appeal may be, as previously indicated, to compel him to serve his <u>entire</u> sentence of imprisonment where an appeal on one or more of the grounds, if successful, would vacate that sentence and the adjudication that accompanies it, and result in a reversal and a remand;
MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

7

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040


The Government, Ms. Ellen Cohen, has advised undersigned counsel that she <u>objects</u> to Bail Pending Appeal in this matter.

WHEREFORE, the Defendant respectfully moves this Honorable Court to set reasonable bail pending appeal in this matter, in the fashion of a personal surety bond, in an amount giving the Court comfort in light of all of the circumstances herein, to be secured by his property, and any special conditions that the Court, in its discretion, might deem appropriate.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5TH day of April, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

BOGENSCHUTZ, DUTKO & KROLL, P.A.
Attorneys for Defendant
600 S. Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
Phone:      (954) 764-2500
Facsimile:  (954) 764-5040
e-mail:     jdblaw0515@aol.com

BY: /s/ _____
J. DAVID BOGENSCHUTZ
Florida Bar # 131174

MOTION FOR BAIL PENDING APPEAL
UNITED STATES V. THOMAS CORREA
CASE NO.: 11-80018-CR-MARRA/VITUNAC

8

LAW OFFICES OF BOGENSCHUTZ, DUTKO & KROLL, P.A.
600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 764-2500 • FAX (954) 764-5040

